Michael A. Brush, SBN 046576
1880 Century Park East, Suite 615
Century City, California 90067
Ph: (310)203-8818; FAX: (310)203-8828

Attorney for Plaintiff NANCY ROTHSCHILD

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| NANCY ROTHSCHILD,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>JANET NAPOLITANO, Secretary of Homeland Security,<br><br>　　　　　Defendant. | Case No. CV09-03326 GW(Ex)<br><br>COMPLAINT<br>[Pursuant to 29 U.S.C. Sections 791 & 794a(a)(1) |

**COMPLAINT**

**I.**

**INTRODUCTION**

1.　Plaintiff NANCY ROTHSCHILD is a citizen of the United States, and most acts alleged herein occurred at the Defendant's facilities of the U.S. Customs & Border Protection located entirely within the Central District of California.

2. The Plaintiff alleges that Defendant JANET NAPOLITANO, Secretary of Homeland Security committed violations of Section 7(8)(A) of the Rehabilitation Act of 1973, 29 USC § 706(8)(A), protected under 29 USC § 791 and 29 CFR §1614.203 through acts against Plaintiff. The UNITED STATES CUSTOMS SERVICE is an executive agency within the Defendant DEPARTMENT OF HOMELAND SECURITY, an instrumentality of the federal government, subject to the laws of the United States of America, including Section 501 and 505 of the Rehabilitation Act of 1973, 29 USC Section 791 and 29 USC Section 794a(a)(1). The UNITED STATES CUSTOMS SERVICE is operated by Defendant JANET NAPOLITANO, Secretary of Homeland Security from federal government funds.

3. The alleged practices occurred between April 26, 2005 and the date of the filing of this complaint. Defendant's intentional acts constitute an ongoing continuous pattern of discrimination based upon their adverse disparate treatment of Plaintiff due to her disability and their failure reasonably to accommodate Plaintiff's medical disability. These acts constitute violations of Section 501 of the Rehabilitation Act of 1973, 29 USC Section 791, and 38 CRF Sections 18.411 and 18.412, and Plaintiff has a private cause of action pursuant to these statutes and regulations.

4. This suit is for injunctive and other relief authorized pursuant to the Rehabilitation Act of 1973, 29 USC Section 791, et seq. Plaintiff has exhausted her administrative remedies under

COMPLAINT                                                           2

Section 501 of the Rehabilitation Act of 1973, 29 USC Section 791, through, *inter alia,* EEO Complaint, CBP Case No. HS-07-CBP-001637-140122. In addition, Plaintiff has requested counseling on various occasions during her service since 1999. On March 22, 2007, the Plaintiff contacted EEO Manager Loretta Jones (GS-00260-13) of the EEO Office in Washington, D.C. by E-mail, for counseling and to request reasonable accommodation of her orthopedic disabilities. Rather than respond to this and earlier requests for accommodation, Defendant terminated the Plaintiff effective in August of 2008.

## II.

## JURISDICTION

5. The original jurisdiction of this Court is invoked pursuant to 28 USC Section 1331 and 1346(b), 28 USC Section 2201, as well as 29 USC Section 794a(a)(1). This litigation also proceeds pursuant to Federal Rules of Civil Procedure 57 and 65.

## III.

## FACTS

6. Plaintiff NANCY ROTHSCHILD, a CBP Officer, (GS-1895-11) with the Long Beach Airport/Seaport during the primary events leading to this Complaint. From approximately April 26, 2005 through the date of this complaint, Defendant engaged in a series

of retaliatory refusals to accommodate Plaintiff's orthopedic disabilities.

7. A hostile work environment was established in regard to the Plaintiff due to: (a) her victory in March 25, 1998 in Merit Systems Protection Board docket number SF-0752-97-0129-1-2; (b) her religion; (c) her gender; and (d) her orthopedic disabilities caused in large part by refusals to accommodate her conditions (compressed vertebrae, and torn ligaments in her elbows).

8. Plaintiff has for more than a decade been one of defendant's most valuable officers. She has been both a firearms instructor and a defensive tactics instructor. Arguably she is the best markswoman in the defendant's employ. In spite of this obvious value to the defendant, she has repeatedly been denied promotions and valuable job assignments (including that required by the Merit Systems Protection Board decision of March 25, 1998). The most egregious was a refusal to allow her to be part of the defendant's national competitive firearms team, in spite of the request of the head of the team.

9. The defendant's repeated refusals to accommodate her disabilities in violation of the Rehabilitation Act have caused her orthopedic disabilities to worsen over time.

10. The Defendant had a duty to accommodate the Plaintiff's physical needs in accordance with numerous recommendations in her medical reports.

11. Because Plaintiff's physical duties are often deleterious to her orthopedic disability (but can reasonably be accommodated), she is a qualified disabled individual, as defined by Section 7(8)(A) of the Rehabilitation Act of 1973, 29 USC § 706(8)(A), she is protected under 29 USC § 791 and 29 CFR § 1614.203 by reason of her disability and has a private cause of action pursuant to Sections 501 and 505 of the Rehabilitation Act, 29 USC § 791 and 29 USC § 794a(a)(1).

12. Because Defendant knew of Plaintiff's orthopedic condition, it was required under the Rehabilitation Act to provide reasonable accommodations to Plaintiff, such as an adjustment or modification in policy, so that Plaintiff could perform her essential functions of the job.

13. Defendants not only failed to accommodate Plaintiff due to her orthopedic disabilities, but also acted aversely against her by terminating her in August of 2008 based, *inter alia,* on her requests for accommodation. Plaintiff brings this action for disparate treatment and failure reasonably to accommodate a qualified disabled individual pursuant to the Rehabilitation Act.

## IV.

## FIRST CAUSE OF ACTION

**VIOLATION OF THE REHABILITATION ACT BY FAILURE REASONABLY TO ACCOMMODATE PLAINTIFF'S DISABILITY**

14. Paragraphs 1 to 13, *supra,* are incorporated herein by reference and are made a part hereof.

15. As an individual with severe orthopedic disabilities, Plaintiff ROTHSCHILD is a qualified disabled individual pursuant to the Rehabilitation Act. Under the Act, Defendant has a duty to reasonably accommodate employees known to have disabilities by making changes such as modifications to employment policies, making facilities more accessible, or restructuring positions in order to permit disabled employees the ability to enjoy equal access to the benefits and privileges of employment.

16. Although Defendant knew of Plaintiff's medical conditions and how they were affected by refusal to abide by recommendations in her medical reports, the Defendant did not provide any reasonable accommodation of her disability.

17. As a result of the said failure to accommodate reasonably, Plaintiff suffered injury and damages in the form of loss of pay, loss of benefits, loss of overtime earning opportunities, loss of leave accrual, loss of seniority accrual, loss of reputation, and other damages as a consequence thereof. In addition, Plaintiff is entitled to an award of punitive or exemplary damages in an amount to be determined at time of trial,

pursuant to 42 U.S.C. Section 1981(b) & (c), and an award of reasonable attorney fees pursuant to 42 U.S.C. Section 1988.

V.

## SECOND CAUSE OF ACTION

## VIOLATION OF THE REHABILITATION ACT BASED ON PLAINTIFF'S TERMINATION EFFECTIVE IN AUGUST OF 2008

18. Paragraphs 1 to 17, *supra*, are incorporated herein by reference and are made a part hereof.

19. Defendants have subjected the Plaintiff to disparate treatment due to her disability, as evidenced by her termination effective August, 2008.

20. As a result of said discriminatory practices, Plaintiff suffered injury and damages in the form of the worsening of her disability, loss of pay, loss of benefits, loss of overtime earning opportunities, loss of leave accrual, loss of seniority accrual, loss of reputation, and other damages as a consequence thereof. In addition, Plaintiff is entitled to an award of punitive or exemplary damages in an amount to be determined at time of trial, 29 U.S.C. Section 79(a)(1), and an award of reasonable attorney fees.

## VI

## THIRD CAUSE OF ACTION

### GENDER DISCRIMINATION

21. Plaintiff repeats and re-alleges each and every allegation contained in paragraph 1 through 20, supra.

22. Defendants have subjected the Plaintiff to disparate treatment due to her disability, as evidenced by her termination effective August, 2008.

23. Plaintiff is one of the few highly talented female firearms and martial arts instructors in the defendant's service. As such she has repeatedly been denied opportunities and promotions in these fields that are accorded to male instructors. As a result of said discriminatory practices, Plaintiff suffered injury and damages in the form of loss of pay, loss of benefits, loss of overtime earning opportunities, loss of leave accrual, loss of seniority accrual, loss of reputation, and other damages as a consequence thereof. In addition, Plaintiff is entitled to an award of punitive or exemplary damages in an amount to be determined at time of trial, 29 U.S.C. Section 79(a)(1), and an award of reasonable attorney fees.

## VII

## FOURTH CAUSE OF ACTION

## RELIGIOUS DISCRIMINATION

24. Plaintiff repeats and re-alleges each and every allegation contained in paragraph 1 through 23, supra.

25. Defendant haS subjected the Plaintiff to disparate treatment due to her Jewish religion, as evidenced by her termination effective August, 2008.

26. Plaintiff is Jewish. This requires a certain sensitivity to the different weekly religious schedules and holidays, which the defendant has not shown. As a result of said discriminatory practices, Plaintiff suffered injury and damages in the form of, loss of pay, loss of benefits, loss of overtime earning opportunities, loss of leave accrual, loss of seniority accrual, loss of reputation, and other damages as a consequence thereof. In addition, Plaintiff is entitled to an award of punitive or exemplary damages in an amount to be determined at time of trial, 29 U.S.C. Section 79(a)(1), and an award of reasonable attorney fees.

COMPLAINT

9

# VIII

## CLAIM FOR RELIEF

27. The acts alleged in Paragraphs 1 through 26 above involving the above-named Plaintiff and Defendant, together constitute an ongoing pattern of discrimination in violation of Section 501 of the Rehabilitation Act of 1973, 29 USC § 791, and 38 CFR § 18.411.

28. The acts alleged in Paragraphs 1 through 26 above occurring between August 2003 and August 20, 2006 and continuing thereafter constitute a failure to reasonably and effectively accommodate Plaintiff's disability in violation of 38 CFR § 18.412.

29. The acts alleged in Paragraphs 1 through 26 above involving the above-named Plaintiff and Defendants, together constitute an ongoing pattern of gender and religious discrimination.

30. The acts alleged in paragraphs 1 through 26, *supra.* entitle the Plaintiff to an award of compensatory damages, punitive damages and attorney fees.

WHEREFORE, Plaintiff requests the Court:

a) Declare and order that Plaintiff be given an employment position by the UNITED STATES CUSTOMS SERVICE, which will fully accommodate the Plaintiff's disability, and definitely end disparate treatment, and which will offer Plaintiff reasonable advancement opportunities.

b) Declare that the failure of the Defendant's agents to reasonably accommodate Plaintiff and her disability is an unlawful discriminatory practice;

c) Declare and order that Plaintiff is entitled to the status of a disabled person with severe orthopedic problems;

d) Remedy the past religious and gender discrimination through an award of compensatory damages, punitive damages and an award of attorney fees;

e) Reasonable costs and fees of counsel should be awarded against Defendants in favor of Plaintiff herein, and;

f) Award damages for loss of income, loss of benefits, loss of reputation, loss of seniority, and emotional distress.

DESIGNATION OF PLACE OF

TRIAL AND REQUEST FOR JURY

Plaintiff designates Los Angeles, California as the place of trial and requests a jury.

DATED: May 7, 2009

MICHAEL A BRUSH

*[signature: Michael A Brush]*

for Plaintiff ROBERT BLAIR